UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GERMAN RIVAS PALMA,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.
_____/

Case No. 1:26-cv-1344

Hon. Hala Y. Jarbou

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.    **Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner unless Respondents provide Petitioner with a bond hearing within seven days. (Pet., ECF No. 1, PageID.21.)

In an order entered on April 27, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on April 30, 2026. (ECF No. 4.) On May 5, 2026, Petitioner filed his reply. (Reply, ECF No. 5.)

## II.     Relevant Factual Background

Petitioner is a native and citizen of El Salvador. (Pet., ECF No. 1, PageID.6.) Petitioner entered the United States sometime between 1996 and 1998 and has remained in the United States since that time. (*Id.*; Form I-213, ECF No. 4-1, PageID.71.) On January 31, 2026, ICE encountered and detained Petitioner. (Form I-213, ECF No. 4-1, PageID.70.)

On February 9, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Palmas Rivas v. Noem et al.* (*Palmas Rivas*), No. 1:25-cv-421 (W.D. Mich.).[1] In *Palmas Rivas*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Palmas Rivas*, (W.D. Mich. Feb. 25, 2026), (ECF Nos. 6, 7).

On March 4, 2026, Petitioner received a bond hearing pursuant to § 1226(a), and an immigration judge (IJ) with the Detroit Immigration Court denied Petitioner's bond request. (IJ Order, ECF No. 4-5, PageID.82.) In a written order, the IJ found Petitioner obtained a fraudulent identification card and was cited for driving without a license on five occasions. (*Id.*) In the written order, the IJ also concluded Petitioner was a "[f]light risk and Danger." (*Id.*)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

---

[1] In the initial case before this Court, the petition named "German Palmas Rivas" as Petitioner. Pet., *Palmas Rivas*, (W.D. Mich. Feb. 9, 2026), (ECF No. 1). In this action, the petition names "German Rivas Palma" as Petitioner. (Pet., ECF No. 1, PageID.1.) For the sake of clarity, the Court will refer to the plaintiff in each case as it was originally captioned.

Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## IV. Analysis

Noncitizens who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge. *Lopez-Campos v. Raycraft*, Nos. 25-1965, 1969, 1978, 1982, 2026 WL 1283891 (6th Cir. May 11, 2026). Before initiating this action, Petitioner had a § 1226 bond hearing in the Detroit Immigration Court, and the IJ issued a written decision denying Petitioner's request for bond on March 4, 2026. (IJ Order, ECF No. 4-5, PageID.82.) In the IJ's written decision, the IJ concluded, *inter alia*, that Petitioner was a "[f]light risk and Danger." (*Id.*)

Although in the present § 2241 petition, Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not raise any constitutional claims regarding the March 2026 bond hearing. (*See generally* Pet., ECF No. 1.)

Indeed, Petitioner's § 2241 petition does not mention the March 2026 bond hearing. (*See id.*) Under these circumstances, because Petitioner received a bond hearing, and Petitioner does not raise any claims regarding the bond hearing itself in the present action, the Court will dismiss the action without prejudice as moot.[2]

### Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: June 11, 2026                                  /s/ Hala Y. Jarbou
                                                                  HALA Y. JARBOU
                                                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Petitioner is free to challenge the nature of the bond hearing; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the April 2026 bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.